IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Alexandria Division*

| | |
|---|---|
| Chengdu Huiyuzhongtai Technology Co., Ltd.,<br><br>Plaintiff,<br>v.<br><br>Changshawanfengyingmaoyiyouxiangongsi,<br><br>Defendant. | Case No. 1:26-cv-2076<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Chengdu Huiyuzhongtai Technology Co., Ltd. ("Plaintiff" or "CHZT") for its Complaint against Changshawanfengyingmaoyiyouxiangongsi ("Defendant" or "Wyfing-US") alleges:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement of U.S. Patent No. 12,478,181 ("the '181 Patent" or "the Asserted Patent"), attached as **Exhibit A**. The '181 Patent is directed to an "Adjustable Drawer."

## THE PARTIES

2. CHZT is a Chinese corporation with a principal place of business in Sichuan, China.

3. CHZT owns all rights to the Asserted Patent.

4. Upon information and belief, Wyfing-US is a Chinese company with no known agents, representatives, or physical presence in the United States.

5. Wyfing-US sells products, including adjustable pull-out cabinet organizers that infringe the '181 Patent (the "Accused Products"), on Amazon.com under the brand name "Seinloes."

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. The Court has subject matter jurisdiction over this patent infringement claim under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court may properly exercise specific personal jurisdiction over Wyfing-US under Rule 4(k)(1)(A) and Virginia's long-arm statute, Va. Code § 8.01-328.1(A)(1), (A)(2), (A)(3), and/or (A)(4), and the Due Process Clause because Wyfing-US has transacted business in Virginia, contracted to supply the Accused Products in Virginia, and caused injury in Virginia by offering for sale, selling, shipping, and/or causing the use of the Accused Products in Virginia. Wyfing-US also systematically targets business activities towards consumers in the United States, including Virginia and this judicial district, through its Seinloes store on Amazon.com.

8. Specifically, Wyfing-US has targeted sales to Virginia residents by setting up and operating the Seinloes storefront on Amazon.com that targets consumers in the United States, including Virginia.

9. Wyfing-US's Amazon.com listings are written in English, display prices in U.S. dollars, permit shipment to Virginia addresses, and invite purchases from consumers located in Virginia.

10. Wyfing-US has continuously maintained Amazon.com listings for the Accused Products that are directed to United States consumers, including consumers located in Virginia.

11. CHZT's claims arise directly out of Wyfing-US's Virginia-directed conduct because Wyfing-US offers for sale, sells, and ships the Accused Products into Virginia.

12. Wyfing-US arranges for the sale and shipment of Accused Products through Amazon.com; offers shipping of the Accused Products to the United States, including to Virginia residents; accepts payment in U.S. dollars; has intentionally sold, fulfilled orders and shipped

Accused Products to Virginia; and otherwise has availed itself of the privileges and protections of Virginia law such that this Court's assertion of jurisdiction over Wyfing-US does not offend traditional notions of fair play and due process.

13. These activities establish that Wyfing-US purposefully directs its conduct throughout the United States generally and at Virginia specifically.

14. Alternatively, if Wyfing-US is not subject to personal jurisdiction in Virginia under Rule 4(k)(1)(A) and the Virginia long-arm statute, as alleged above, then this Court may exercise personal jurisdiction over Wyfing-US under Federal Rule of Civil Procedure 4(k)(2) because CHZT's claims arise under federal patent law, Wyfing-US is a foreign entity with no known U.S. residence, office, agent, or physical presence, Wyfing-US has sufficient contacts with the United States as a whole via its Amazon business to satisfy due process, and upon information and belief, Defendant is not subject to personal jurisdiction in any state's courts of general jurisdiction. Wyfing-US has purposefully directed commercial activity to the United States as a whole by operating the Seinloes Amazon storefront, offering the Accused Products for sale to U.S. consumers, accepting U.S.-dollar payments, using Amazon's U.S. marketplace and fulfillment infrastructure, and selling and causing shipment of Accused Products into the United States.

15. Venue is proper in this Court under 28 U.S.C. § 1391(c)(3) and 28 U.S.C. § 1400(b) because Wyfing-US is not a U.S. resident and has committed acts of infringement in this judicial district.

## BACKGROUND

*Background of CHZT*

16. CHZT is a pioneer in the design, development and manufacture of home storage solutions, including adjustable pull-out cabinet organizers.

17. The United States Patent and Trademark Office has awarded various patents on the inventions embodied in CHZT's products, including the '181 Patent.

18. The inventor of the '181 Patent recognized that, because each household had cabinets and drawers of different types and sizes, the space available for storage solutions, such as drawers, was inconsistent. The inventor of the '181 Patent thus developed a novel drawer design in which the dimensions of the drawer could be quickly and easily customized in both width and length to match the dimensions of a corresponding cabinet.

19. An exemplary embodiment of the invention claimed in the '181 Patent is illustrated in Figs. 1 and 3 of the '181 Patent, which are reproduced below.



FIG. 1



FIG. 3

20. CHZT is the assignee and owner of all right, title, and interest in and to the '181 Patent, which the United States Patent and Trademark Office issued on November 25, 2025.

21. CHZT sells pull-out adjustable drawer products that embody the invention claimed in the '181 Patent ("CHZT Covered Products").

22. The CHZT Covered Products are sold on the Amazon.com marketplace in various sizes and colors under the brand name "Fokyfok."

23. Representative images of one of the CHZT Covered Products are shown below.





24. Customers have praised CHZT's patented adjustable drawer design, including for its functionality and ease of installation.

*The Accused Products*

25. Wyfing-US offers for sale and sells in the United States, for example via online marketplaces such as Amazon.com, products that infringe the Asserted Patent.

26. Wyfing-US sells products, including adjustable pull-out cabinet organizers, on Amazon.com under the brand name "Seinloes." On Amazon.com, "Wyfing-US" appears as the seller name for the Accused Products (as defined below) and "Changshawanfengyingmaoyiyouxiangongsi" is identified as the "Business Name" for Wyfing-US. Upon information and belief, the pinyin translation of Changshawanfengyingmaoyiyouxiangongsi is Changsha Wanfeng Yingmao Trading Co., Ltd.

27. The Accused Products include adjustable pull-out cabinet organizer products that are sold on Amazon.com in different sizes and colors under the following ASINs: B0FKYYVHVM, B0FQV14N4S, B0FQSTSLCD, B0FQTVN64D, B0FKYY8V7V, B0FKYVQ6FZ, B0FKYZ29YY, and B0FQT4DX2B ("First Accused Products"). As of the date of the filing of this Complaint, the First Accused Products are offered for sale at the following links:

- https://www.amazon.com/dp/B0FKYYVHVM?th=1

- https://www.amazon.com/dp/B0FQV14N4S?th=1
- https://www.amazon.com/dp/B0FQSTSLCD?th=1
- https://www.amazon.com/dp/B0FQTVN64D?th=1
- https://www.amazon.com/dp/B0FKYY8V7V?th=1
- https://www.amazon.com/dp/B0FKYVQ6FZ?th=1
- https://www.amazon.com/dp/B0FKYZ29YY?th=1
- https://www.amazon.com/dp/B0FQT4DX2B?th=1

28. The screenshot below, which was obtained from the first link above, depicts a representative First Accused Product:




29. The Accused Products also include adjustable pull-out cabinet organizer products that are sold on Amazon.com in different sizes and colors under the following ASINs: B0FGJ37MBT, B0FGJ48BGJ, B0FSKWW2WF, B0FSKSQ6CQ, B0FCC3JKHZ, B0FSKTBXCH, B0FCC2XVHV, B0FCC239CR and B0FCC2QTX5 ("Second Accused

Products"). The Second Accused Products are offered for sale at the following links as of the date of the filing of this Complaint:

- https://www.amazon.com/dp/B0FGJ37MBT?th=1
- https://www.amazon.com/dp/B0FGJ48BGJ?th=1
- https://www.amazon.com/dp/B0FSKWW2WF?th=1
- https://www.amazon.com/dp/B0FSKSQ6CQ?th=1
- https://www.amazon.com/dp/B0FCC3JKHZ?th=1
- https://www.amazon.com/dp/B0FSKTBXCH?th=1
- https://www.amazon.com/dp/B0FCC2XVHV?th=1
- https://www.amazon.com/dp/B0FCC239CR?th=1
- https://www.amazon.com/dp/B0FCC2QTX5?th=1

30. The screenshot below, which was obtained from the first link above, depicts a representative Second Accused Product:



31. The First and Second Accused Products infringe at least claim 10 of the ’181 Patent by practicing each limitation of that claim.

32. Wyfing-US is not licensed to make, import, use, offer to sell or sell any invention claimed in the ’181 Patent.

**Count I**
**Infringement of the ’181 Patent**

33. CHZT incorporates the allegations contained in the preceding paragraphs as though fully set forth in this paragraph.

34. Wyfing-US has been, and currently is, directly infringing one or more claims of the ’181 Patent, including at least claim 10, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by importing, using, offering to sell and selling the First and Second Accused Products. A claim chart comparing exemplary claim 10 of the ’181 Patent to a representative First Accused Product is attached as **Exhibit B**. A claim chart comparing exemplary claim 10 of the ’181 Patent to a representative Second Accused Product is attached as **Exhibit C**.

35. Wyfing-US, after receiving notice that its products infringe the ’181 Patent, including at least claim 10, and with the specific intent for others to infringe the ’181 Patent, has knowingly continued to, and currently, actively induce infringement of one or more claims of the ’181 Patent under 35 U.S.C. § 271(b) by, among other things, actively inducing others, including its customers, to infringe the ’181 Patent. Upon information and belief, Wyfing-US accomplishes such inducement by continuing to direct and/or instruct others to use, install and/or operate adjustable cabinet organizer products that infringe at least claim 10 of the ’181 Patent, including the First and Second Accused Products.

36. Wyfing-US’s infringing acts are without license or authorization from CHZT.

37. Wyfing-US has had notice of its infringement of the ’181 Patent since at least the filing of this action.

38. Wyfing-US’s acts of infringement of the ’181 Patent recited herein have been committed, and are being committed, with full knowledge of CHZT’s rights in the ’181 Patent.

39. Upon information and belief, Wyfing-US has acted, and is continuing to act, despite an objectively high likelihood that its actions constitute infringement of a valid patent.

40. Upon information and belief, Wyfing-US knew or should have known of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Wyfing-US.

41. Pursuant to 35 U.S.C. § 284, CHZT is entitled to damages for Wyfing-US’s infringing acts. Wyfing-US’s acts further constitute willful and deliberate infringement, entitling CHZT to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys’ fees and costs under 35 U.S.C. § 285.

42. Unless Wyfing-US is enjoined, it will continue to infringe the ’181 Patent directly and to induce its customers to infringe the ’181 Patent.

43. As a direct and proximate result of Wyfing-US’s infringement of the ’181 Patent, CHZT has suffered irreparable harm.

44. Upon information and belief, Wyfing-US has purchased sponsored advertisements on Amazon targeting one or more CHZT Covered Products. As a result, when consumers view Amazon listings for CHZT Covered Products, Amazon displays sponsored advertisements for the Accused Products.

45. Wyfing-US has advertised and sold the Accused Products at significantly lower prices than comparable CHZT Covered Products.

46. Wyfing-US's sponsored advertisements redirect consumers from product listings for CHZT Covered Products to one or more of the lower-priced Accused Products.

47. Wyfing-US's infringing activities have eroded CHZT's unit session percentage for one or more of the CHZT Covered Products. The unit session percentage reflects the number of units sold divided by the number of unique customer sessions (visits to your product detail page).

48. The lower unit session percentage negatively affects how Amazon ranks, recommends and displays CHZT Covered Products to consumers, which leads to decreasing product visibility, customer traffic, sales momentum and/or market position.

49. Monetary damages alone cannot compensate for this harm caused by Wyfing-US's infringing activity.

50. Unless Wyfing-US is enjoined from further infringement, Wyfing-US will continue to harm CHZT irreparably.

**REQUEST FOR RELIEF**

WHEREFORE, CHZT asks this Court to:

a. Find that the '181 Patent is valid and enforceable;

b. Find that Wyfing-US has infringed the '181 Patent;

c. Find that Wyfing-US has induced infringement of the '181 Patent at least since receiving notice of this action;

d. Find that Wyfing-US has willfully infringed, and continues to willfully infringe, the '181 Patent;

e. Preliminarily and permanently enjoin Wyfing-US from infringing the '181 Patent;

f. Award CHZT damages sufficient to compensate it for Wyfing-US's infringement of the '181 Patent, together with costs and pre-judgment interest;

g. Award CHZT pre-judgment and post-judgment interest;

h. Find that this action constitutes an exceptional case and award CHZT its attorneys' fees, expenses and costs pursuant to 35 U.S.C. § 285; and

i. Award CHZT such other and further relief as may be just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

CHZT requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Respectfully submitted,

Dated: July 10, 2026

*/s/ Kevin W. Weigand*

Nicholas M. DePalma (VSB No. 72886)
Kevin W. Weigand (VSB No. 81073)
Christian R. Schreiber (VSB No. 89544)
VENABLE LLP
1850 Towers Crescent Plaza, Suite 400
Tysons, VA 22182
Tel: (703) 760-1600
Fax: (703) 821-8949
nmdepalma@venable.com
kwweigand@venable.com
crschreiber@venable.com

Edward H. Rice (pro hac vice forthcoming)
Marina N. Saito (pro hac vice forthcoming)
Steven M. Lubezny (pro hac vice forthcoming)
Rice Technology Law Group
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@ricetechlaw.com
marina@ricetechlaw.com
steve@ricetechlaw.com
(224) 331-0568

*Counsel for Plaintiff*
*Chengdu Huiyuzhongtai Technology Co., Ltd.*